UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRADLEY A. TRACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-139 PS |
| ELKHART CITY POLICE DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Bradley Track alleges that on August 6, 2008, Elkhart police officers searched his home pursuant to a warrant issued without probable cause, and then arrested him for possession of crack cocaine that was found in the search of his home. While he was confined at the Elkhart County, Bradley Track filed the complaint in this case pursuant to 42 U.S.C. § 1983, alleging violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. The defendants are the Elkhart Police Department, Corporal Mike Bogart, Deputy Prosecuting Attorney Don E. Pritzer, and Magistrate David Denton.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation marks and citations omitted).

Track brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.

*Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The complaint mentions two allegedly illegal searches, one at Track's residence at 414 South Fifth Street, and another at 515 South Fifth Street, a house he was in the process of renting, but had not yet moved in to. Track alleges that the police searched the house at 515 South Fifth Street pursuant to a warrant and that nothing illegal was found in the search. (DE 1 at 3). He asserts the search was illegal, though he does not state facts that suggest the warrant was invalid. In any event, because he did not own the house at 515 South Fifth Street and did not reside there, his Fourth Amendment rights were not implicated by the search of that house. *See U.S. v. $40,955.00 in U.S. Currency,* 554 F.3d 752, 757 (9th Cir. 2009) (person who had access to a house, "but did not live there at the time of the search" had no Fourth Amendment interest even though she had items stored there); *see also Ogle v. Johnson*, 696 F.Supp.2d 1345, 1370 (S.D. Ga. 2009) ("Ogle's Fourth Amendment argument fails because the challenged search implicated the Fourth Amendment rights of Teresa Ogle, not Petitioner Johnny Ogle" because he no longer lived there and the search did not involve his "property or place of abode, it did not implicate [Petitioner's] Fourth Amendment rights, even though the fruits of the search were used against him."). The search of the house at 515 South Fifth Street did not involve Track's place of abode or his property, and nothing was found during that search that was used against him.

Track also complains of the search of the house at 414 South Fifth Street, where he did reside, and where incriminating evidence against him was discovered. According to the complaint and its attachments, on August 4, 2008, a police informant made a controlled buy from Track at his home at 414 South Fifth Street. (DE 1 at 5). On August 6, 2008, Deputy Prosecuting Attorney Don Pritzer submitted an affidavit for a search warrant of Track's residence. (DE 1 at 6). Magistrate David Denton granted this request and signed a search warrant for Track's house. (DE 1 at 9). During the course of the search, the police located crack cocaine in Track's bedroom, and arrested him for possession of crack cocaine. (DE 1 at 5).

Track attaches to his complaint the affidavit for search warrant signed by Deputy Prosecutor Pritzer and a police officer, which states that on August 4, 2008, a confidential informant made a controlled buy from Track at his home on 414 S. 5th Street in Elkhart, and provides other information supporting a search warrant. (DE 1 at 6). Track also attaches a copy of the search warrant issued by Judge Denton on August 6, 2008, which authorized the police to search Track's residence at 414 South Fifth Street for crack cocaine, other drugs, and drug paraphernalia. (DE 1 at 9). Finally, Track attaches a copy of the affidavit in support of warrantless arrest, stating that Track was present during the execution of the search, and that the police arrested him because they found a substance in his bedroom which a field test determined to be crack cocaine. (DE 1 at 5).

Track alleges that Defendants Denton and Pritzer are "responsible for evaluating 'all facts' relating to supposed illegal activity before issuing a warrant and not just going on the 'hunch' of a few rogue officers." (DE 1 at 3). He alleges that the search warrant issued by Judge Denton violated the Fourth Amendment's prohibition against unreasonable searches and seizures

because it "was totally absent of probable cause. Especially since it was founded solely on second-hand hearsay for a supposed drug buy." (*Id.*).

Track names three individuals and the Elkhart City Police Department as defendants. But under Indiana law, a "police department" has no separate corporate existence and is therefore not a suable entity. *See Sanders v. Town of Porter Police Dept.*, No. 2:05-cv-377, 2006 WL 2457251, at *3 (N.D. Ind. Aug. 22, 2006) (police department cannot be sued under 42 U.S.C. § 1983).

Track sues Judge Denton, who issued the search warrant for his home. Judges, however, are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. at 356-357, (quoting *Bradley v. Fisher*, 80 U.S. 355, 351 (1971)). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989).

Judge Denton is entitled to absolute judicial immunity if the acts were within his jurisdiction and were performed in his judicial capacity. *Id*. Judge Denton had jurisdiction to review the application for a search warrant for Track's residence, and determine whether there was probable cause for a search warrant. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) (test is whether the acts are those normally performed by a judge). Accordingly, Defendant Denton has judicial immunity for his actions in granting a search warrant for Track's home, and the claim against him will be dismissed.

Track also alleges that Deputy Prosecutor Pritzer violated the Fourth Amendment's prohibition against unreasonable searches and seizures because he was responsible for evaluating all facts relating to supposed illegal activity before seeking a search warrant. But prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Imbler v. Pachtman*, 424 U.S. at 431; *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Accordingly, Defendant Pritzer has prosecutorial immunity for his actions in seeking a search warrant for Track's home, and the claim against him will be dismissed.

Finally, Track alleges in his complaint that Corporal Bogart violated the Fourth Amendment by preparing an affidavit in support of a search warrant for Track's residence, co-signed by Defendant Pritzer, that was supported by hearsay statements of a confidential informant and allegations of a controlled buy. Track alleges that the search warrant was invalid because the facts contained in the affidavit were unreliable, inadequate and insufficient to establish probable cause.

But a finding of probable cause for a search warrant does not require evidence sufficient for a conviction. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.*, quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969). Probable cause for issuance of a search warrant may be based on a confidential informant's statement, and "[g]enerally, a controlled buy, when

executed properly, is a reliable indicator as to the presence of illegal drug activity." *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006) (finding probable cause existed to support issuing a search warrant for the plaintiff's residence where a confidential informant conducted a drug buy at the apartment within 72 hours of the issuance of the warrant).

The affidavit for a search warrant (DE 1 at 6) sufficiently establishes the particulars of the drug buy at Track's residence and the reliability of the confidential informant to establish probable cause for a search warrant. Accordingly, the complaint fails to state a claim against Bogart upon which relief could be granted.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A, and **DIRECTS** the clerk to close this case.

**SO ORDERED.**

ENTERED: January 28, 2011

> s/ Philip P. Simon
> PHILIP P. SIMON, CHIEF JUDGE
> UNITED STATES DISTRICT COURT